W. P. LANKFORD, Adm'r, of W. J. Lewis, dec'd, *v.*
MARY A. LEWIS *et al.*

and

MARY F. LEWIS *v.* S. M. GLENN, Guardian, etc., *et al.*

HOMESTEAD. *Dower.* *Widow not entitled to both.* *When.* *Administration.*
Where a husband has died in 1869, the rights of his widow to home-
stead, etc., are determined by the act of 1868, which does not enlarge
the widow's rights or interest in her husband's estate, as against the
administrator. A homestead is not among the articles exempt from
execution, which descend to the widow, and not to the administrator;
her rights to such, are as the head of a family, against a creditor,
who is seeking to enforce his debt, by execution or attachment.
Case cited: Merriman *v.* Lacefield, 4 Heis., 220.
Code cited: Sections 2114*a*, 2115.
Acts cited: Acts of 1868; Sec. 2, 1870.

FROM LAUDERDALE.

Appeal from the Chancery Court. H. S. LIVING-
STON, Chancellor.

WILKINSON & WILKERSON for Lankford.

LYNN & OLDHAM for M. F. Lewis.

STEELE, MARLEY & STEELE for Glenn *et al.*

FREEMAN, J., delivered the opinion of the court.

W. J. Lewis died September, 1869, leaving com-
plainant in the cross-bill his widow, and the six de-

fendants his children, as his heirs; as stated at the
bar, the children are his children by a former wife.
Lewis left two tracts of land. The widow petitioned
for and had her dower assigned her in the lands of
her husband; after this, a petition was filed by the
administrator to sell land for the payment of debts,
on the ground of exhaustion of personal assets. In
the decree ordering the sale, it is stated that the widow
"waives her right of homestead as against the debts
of the estate, but reserves her right to her homestead
out of any land after the debts of said estate have
been paid." This decree was made May term, 1872.

The case has been argued before us on the assump-
tion that the widow was entitled to the benefit of the
homestead in addition to dower, under the act of March
12th, 1868. The right of the widow, it may be cor-
rectly assumed, whatever it is, rests on this act, the
husband dying in 1869.

The act of 1868 is as follows, Sec. 2: "That the
homestead of any housekeeper or head of a family,
residing in this State, to the value of one thousand
dollars instead of five hundred, as now provided by
law, consisting of a dwelling house and out-buildings,
and land appurtenant, occupied by such person as a
homestead, shall be exempt from execution or attach-
ment, for the debts of any such head of a family or
housekeeper."

We think it too clear for argument, that this act
alone applies to, and gives the homestead as against
a creditor of the head of a family or householder, who

Lankford *v.* Lewis.

is seeking to enforce his debt by execution or atachment, against such householder or head of a family. It is true Sec. 2115, which requires the declaration of intention to claim a homestead to be registered, is repealed by the act, but the other provisions remain, and only provide the mode of setting it apart, but do not give any right to the widow, or any estate to her in the land. In fact her rights are not intended to be affected by these statutes, she being simply left as before to her right of dower on the death of the husband. The first act that gave her any rights on this subject, was the act of 1870, passed in pursuance of the provision of the constitution of 1870; see Code, sec. 2114*a*.

The court below seems to have followed the supposed opinion of this court in the case of *Merriman, Adm'r, et als.* v. *John H. Lacefield et als.,* 4 Heis., 220. It is not very clear what was the view of the learned judge in that opinion on this question, but if the opinion can be construed into holding that the widow was entitled under this act, to dower as well as homestead, it is not sustained by the statute and is not law.

The homestead as provided for by law is given by our statutes, and only by them, so that it attaches alone where so given. A homestead was never intended to be included by any of our statutes, under the idea of articles exempted from execution, which go to the widow, and not to the administrator by our statutes. The language of the act of 1868 is too clear to admit of doubt in its construction, and only gives the ex-

---

·emption as against a creditor with attachment or exe-·cution.

In this view of the case, the decree below must be reversed, and the cross-bill dismissed at the cost ·of the widow.